**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRENDA K. SANDERS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:26-CV-00076-ADA** |
| | § | |
| **X.COM,** | § | |
| *Defendant* | § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Brenda Sanders's application to proceed *in forma pauperis*. Dkt. 3. Because Sanders is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her  claims pursuant to 28 U.S.C. § 1915(e).

### I.      REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Sanders's financial affidavit and determined Sanders is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Sanders's request for *in forma pauperis* status, Dkt. 3. The Clerk of the Court shall file the complaint without payment of fees or costs or

giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Sanders is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Sanders's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.      REVIEW OF THE MERITS OF THE CLAIM

Because Sanders has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Sanders alleges that Defendant X.com ("X") removed a post from one of Sanders's X accounts that, according to X, violated its rules. Dkt. 1, at 2. The post allegedly stated, "Sitting for an hour waiting to sign in to my email account! No success!" and included a link. *Id.* X gave Sanders the option to voluntarily remove the post, but she declined. *Id.* Instead, she appealed the decision to remove the post to X's headquarters. *Id.* She received no response. *Id.* Then, X suspended four of Sanders's accounts beginning on January 3, 2023, and ending "on about November, 2024, [when] Donald Trump was elected." *Id.* As a result of X's actions, Sanders states she lost followers and incurred damages, though she does not specify the damages amount. *Id.* at 3.

The Court lacks subject-matter jurisdiction over Sanders's case. Congress has granted district courts jurisdiction over (1) federal question cases—suits "arising under" federal law, and (2) diversity cases—suits between citizens of different states as to any matter valued at more than $75,000. 28 U.S.C. §§ 1331, 1332. First, Sanders alleges no claims arising under federal law. *See* 28 U.S.C. § 1331. To the extent she

3

means to raise a claim under the First Amendment, the First Amendment is inapplicable to Sanders's suit against X, a private company. *Yoe v. United Front Security*, No. 3:24-CV-3255-G-BK, 2025 WL 816736, at *2 (N.D. Tex. Feb. 11, 2025) (citing *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 804 (2019)) ("Ordinarily, [] First Amendment claims are inapplicable to disputes between private parties that are disconnected from state action."), *R. & R. adopted*, 2025 WL 816733 (N.D. Tex. Mar. 13, 2025).[1] Second, even if Sanders and X are diverse, Sanders does not allege the amount in controversy in this case is greater than $75,000, and no facts from the complaint suggest that the matter should be valued at that amount. *See* 28 U.S.C. § 1332. Sanders's case should be dismissed.

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Sanders's application to proceed *in forma pauperis*. Dkt. 3. The undersigned **RECOMMENDS** the District Judge **DISMISS** Sanders's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the

---

[1] Sanders does not allege X was acting under color of state law, either. *See Yoe*, 2025 WL 816736, at *2.

4

party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 30, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE